# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3083
_____

Nyamuoch Thomas Duoth

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 23, 2022
Filed: November 10, 2022
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Nyamuoch Duoth wants to remain in the country, but the Board of Immigration Appeals denied her request for asylum and withholding of removal. She sought asylum even though she "intentionally, knowingly, or recklessly cause[d] bodily injury" to a police officer. Neb. Rev. Stat. § 28-931(1)(a). And she thought

withholding of removal was available because she would allegedly face ethnic persecution if she returned to South Sudan. We deny her petition for review.

Duoth's prior conviction makes her ineligible for asylum unless the version of the crime she committed required only reckless conduct. *See* 8 U.S.C. § 1158(b)(2)(A)–(B); *see also United States v. Garcia-Longoria*, 819 F.3d 1063, 1067 (8th Cir. 2016) (holding that "the *mens rea* alternatives in Neb. Rev. Stat. § 28-931(1) are 'alternative element[s] in a divisible statute'" (citation omitted)). Even assuming we can consider the police report describing the crime, it says that she "ma[de] threats to kill," "attempt[ed] to punch" officers, and "kicked at" one of them before "spit[ting] in [her] face." These acts are at least as likely to have been committed intentionally or knowingly as recklessly. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 763 (2021) (explaining that when, "as here, the alien bears the burden of proof and was convicted under a divisible statute containing some crimes that [bar relief], the alien must prove that his actual, historical offense of conviction isn't among them"). So asylum is off the table.

The same goes for withholding of removal. To receive this type of relief, Duoth needed to establish a "clear probability" of ethnic persecution. *Ming Ming Wijono v. Gonzales*, 439 F.3d 868, 872 (8th Cir. 2006) (reviewing for substantial evidence). The record, however, supports what the agency found: violence in South Sudan affects everyone regardless of ethnicity, opposing factions have entered into a peace agreement, members of Duoth's ethnic group hold top government jobs, and her mother visited the country safely. On these facts, it was reasonable for the Board to conclude that Duoth was not entitled to withholding of removal. *See id.*; *Supangat v. Holder*, 735 F.3d 792, 796 (8th Cir. 2013) (per curiam).

We accordingly deny the petition for review.

_____